## Stephen W. Blaisdell v. Samuel W. Todd.

*Contract of sale: Title: Possession: Replevin: Cause of action.* One who has contracted to sell chattels on credit with a present delivery, on condition that the vendee should perform a certain job of work he had contracted to do for the vendor, of the contract price for which a certain portion was to be applied in payment for said chattels, cannot, after the work has been substantially performed, transfer separate from the contract any title or interest in the chattels in his vendee's possession, to a third person, so as to vest in the latter a cause of action in replevin.

*Heard and decided January 5.*

Error to Allegan Circuit.

This was replevin brought by Todd against Blaisdell, for a yoke of oxen and an ox yoke. Blaisdell had contracted with one Sherman to haul all the oak and pine logs on a

described parcel of land, and deliver the same on the bank of Kalamazoo river, one hundred thousand feet to be delivered by 'December 1, 1872, and two hundred thousand feet more, or the job to be finished, by April 1, 1873, at two dollars per thousand feet, of which one dollar per thousand was to be applied in payment for the oxen in question, and two chains and a swamp hook, which said Sherman by said contract agreed to sell Blaisdell for one hundred and sixty dollars, on condition that the latter should perform said work, the team and other property to be delivered at once, but not to be considered as fully paid for till the job of work was done, and in case Blaisdell failed to finish the job, to revert back to Sherman.

It appeared on the trial that there were only forty thousand feet of logs on the parcel; that Blaisdell hauled all but eight or ten scattering logs that were cut on this parcel, and then quit; but that he hauled other logs, enough to make upwards of eighty thousand feet in all; that a controversy having arisen between Sherman and Blaisdell, as to whether the latter had performed his contract, Sherman sold his interest in the oxen to Todd for one hundred and sixty dollars, but did not transfer the contract; and that Sherman was then owing Blaisdell on the contract about one hundred and twenty dollars. The case was tried before the court without a jury, and judgment was rendered for plaintiff, and defendant brought error.

*Pope & Stuck,* for plaintiff in error.

*Joseph Thew,* for defendant in error.

THE COURT held that the facts found show that the contract was substantially performed by Blaisdell; that Sherman had no title or interest in the oxen that could be transferred separate from the contract; and that the facts found, therefore, did not support the judgment.

Judgment reversed.